UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEYUE YUAN, PLAINTIFF<br><br>V.<br><br>U.S. HOLDCO, LLC; TOPS MARKET, LLC;<br>THE PENN TRAFFIC COMPANY;<br>CORNELL UNIVERSITY, DEFENDANTS | Docket No.: 5:10-cv-01251-NAM -ATB |

# AFFIRMATION OF EDWARD E. KOPKO
# IN SUPPORT OF MOTION PURSUANT TO LOCAL RULE
# 83.2(b) FOR LEAVE TO WITHDRAW AS COUNSEL

Pursuant to 28 U.S.C. § 1746, Edward E. Kopko, affirms under penalty of perjury:

**RELIEF REQUESTED**

Edward E. Kopko, Esq., Attorney for Plaintiff, Keyue Yuan (Yuan), seeks an Order granting leave to withdraw as counsel for Yuan in this action.

**AUTHORITY FOR RELIEF REQUESTED**

**Northern District Local Rule 83.2 Appearance and Withdrawal of Attorney**
(Amended January 1, 2011) [in relevant part]
 **(b) Withdrawal.** An attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw. If the Court grants leave to withdraw, the withdrawing attorney must serve a copy of the order upon the affected party and file an affidavit of service.

1. I am an attorney admitted to practice law before the United States District Court, Northern District of New York, and I am familiar with the facts pertaining to this Motion for Leave to Withdraw as Counsel.

1

2. The plaintiff, Keyue Yuan (Yuan), was present at the P&C market located in the East Hill Plaza, Ithaca, New York, when he was detained by Cornell University Police.

3. Mr. Yuan believed that the detention by the Cornell University Police violated his constitutional rights and Yuan consulted with the undersigned attorney, Edward E. Kopko (Kopko).

4. On October 13, 2010, Kopko filed a summons with notice in New York State Supreme Court, a copy of which is attached hereto as Exhibit One.

5. On October 20, 2010, Cornell University filed a Notice of Removal, removing this action from New York State Court to the United States District Court for the Northern District of New York.

6. On October 22, 2010, Kopko filed an Amended Summons with Notice, deleting any reference to a violation of federal statutes, thus depriving this Court of subject matter jurisdiction, a copy of which is attached hereto as Exhibit Two.

7. Together with the initial Summons with Notice, Kopko served upon Tops Market a Demand for Production, including any video record that was made of the incident complained of by Yuan. A copy of the Demand for Production is attached as Exhibit Three.

8. In response to Demand for Production, counsel for Tops Market produced a CD containing a video record of the incident complained of by Yuan.

9. Kopko delivered a copy of the CD to Yuan.

10. Kopko viewed the CD and, in the exercise of professional judgment, determined that the events depicted on the CD did not establish a meritorious cause of action for a deprivation of constitutional rights.

11. On January 24, 2011, Kopko informed Yuan of the conclusions prompted by a review of the CD and indicated to Yuan that he would not continue to pursue the claim.

12. On January 26, 2011, Kopko filed a status report with Court explaining the circumstances summarily stated in this affirmation. A copy of the status report is attached as Exhibit Four.

13. Kopko believes that the circumstances depicted on the CD do not establish a meritorious cause of action and declines to proceed with the prosecution of this claim.

14. The New York Code of Professional Responsibility provides in relevant part:

> NEW YORK RULE OF PROFESSIONAL CONDUCT 1.16:
> DECLINING OR TERMINATING REPRESENTATION
> (b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:
> (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law;
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
> (3) the lawyer is discharged; or
> (4) the lawyer knows or reasonably should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person.
> (c) Except as stated in paragraph (d), a lawyer may withdraw from representing
> a client when:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists upon taking action with which the lawyer has a fundamental disagreement;
(5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees;
(6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;
(8) the lawyer's inability to work with co-counsel indicates that the best interest of the client likely will be served by withdrawal;
(9) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;
(10) the client knowingly and freely assents to termination of the employment;
(11) withdrawal is permitted under Rule 1.13(c) or other law;
(12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.
(13) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.

15. My personal review of the P&C video of the events described by Yuan establishes to my satisfaction that a viable §1983 action against the defendants does not exist and that to maintain such an action would violate 28 U.S.C. § 1927, relating to frivolous action, and F.R.C.P. 11. (See 1.16(c)(4), above)

16. I have a fundamental disagreement with Yuan regarding the efficacy of the claim against the defendants that he seeks to pursue because I conclude after reviewing the P&C video tape that a viable § 1983 action against Cornell University does not exist and that to maintain such an action would violate 28 U.S.C. § 1927, relating to frivolous actions and F.R.C.P. 11. (See 1.16(c)(4), above)

17. Yuan insists upon presenting a claim against Cornell University that is not warranted under existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law.  After reviewing the P&C video tape, I conclude that a viable § 1983 action against Cornell University does not exist and that to maintain such an action would violate 28 U.S.C. § 1927, relating to frivolous actions and F.R.C.P. 11. (See 1.16(c)(6), above)

18. I believe in good faith that the Court's review of the P&C video tape (available upon request) will establish that no reasonable basis exists for maintaining a claim against Cornell University or P&C Market based upon the events depicted.

Wherefore, Kopko moves this Court for an Order granting leave to withdraw as counsel.

*/s/ Edward E. Kopko*

Edward E. Kopko, Esq., Bar Roll No. 510874
Edward E. Kopko, Lawyer, P.C.
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850
T: 607.269.1300; F: 607.269.1301
eek@kopkolaw.com
Friday, February 11, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court for the Northern District of New York by using the Court's CM/ECF system on, Friday, February 11, 2011.

I certify that Nelson Roth, Esq., attorney defendant Cornell University, is a registered CM/ECF user and that service will be accomplished by the Court's CM/ECF system.

Edward E. Kopko, Esq., Bar Roll No. 510874
Edward E. Kopko, Lawyer, P.C.
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850
T: 607.269.1300; F: 607.269.1301
eek@kopkolaw.com
Friday, February 11, 2011

**AFFIRMATION OF SERVICE BY MAIL**

I, Edward E. Kopko, an attorney admitted to practice before the courts of the United District Court for the Northern District of New York, affirm under penalty of perjury that service of this legal paper was made on Friday, February 11, 2011 by mailing a true and complete copy of said legal paper to the address of the plaintiff in this action, Keyue Yuan, as stated below:

Keyue Yuan
940 East State Street
Ithaca, New York 14850

Edward E. Kopko, Esq.
Edward E. Kopko, Lawyer, P.C.
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850
T: 607.269.1300; F: 607.269.1301
eek@kopkolaw.com
Friday, February 11, 2011