UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEYUE YUAN, PLAINTIFF<br><br>V.<br><br>U.S. HOLDCO, LLC; TOPS MARKET, LLC;<br>THE PENN TRAFFIC COMPANY;<br>CORNELL UNIVERSITY, DEFENDANTS | Docket No.: 5:10-cv-01251-NAM -ATB |

# REPLY AFFIRMATION OF EDWARD E. KOPKO
# IN SUPPORT OF MOTION PURSUANT TO LOCAL RULE
# 83.2(b) FOR LEAVE TO WITHDRAW AS COUNSEL

Pursuant to 28 U.S.C. § 1746, Edward E. Kopko, affirms under penalty of perjury:

1. I have read Mr. Yuan's undated letter filed with this Court on March 21, 2011, in response to my motion to withdraw as counsel and disagree with the contentions Mr. Yuan asserts in his letter.

2. When I met with Mr. Yuan on October 13, 2010, I very clearly explained to Mr. Yuan that, based upon his description of the events at the P&C market located in the East Hill Plaza, Ithaca, New York, I would need to obtain a copy of the surveillance video that purportedly depicted the events described to me by Mr. Yuan.

3. I further explained to Mr. Yuan to commence the action and take the necessary steps to preserve the videotape evidence I would require a $2,500.00 retainer.

1

4. On October 29, 2010, I sent a letter to Mr. Yuan explicitly stating the scope of my representation and that my determination of the merits of the case hinged upon what the videotape showed. (A copy of the October 29, 2010, letter to Mr. Yuan is attached as Exhibit One.)

5. In particular I stated to Mr. Yuan in the October 29, 2010 letter that:

> I also write to you to make certain that you understand the scope of my representation of you in this matter, the importance of the videotape, and the separation of fees and costs.
> As I told you when we first met, the videotape taken of you in the Tops Market on October 10, 2010, is of the utmost importance in your case. The strength of your case will be, in part, determined by what the video reveals. If the video shows you surrounded by Cornell Police officers, and detained, your case is strong. If the video does not show you at all, but we determine the tape has been tampered your case is very, very strong. If after receiving notice of this lawsuit Tops destroys the tape your case is strengthened in that I will move the court to instruct the jury on the spoliation of evidence charge. In a spoliation charge the Judge will instruct the jury to assume that the evidence on the tape was in your favor and not in the defendants' favor.
> If, however, we obtain the tape, it is not altered or tampered, and it does not show any images which bolster your claims, then your case is seriously weakened.
>
> Without a tape, the only evidence we will have to work with is your testimony versus the testimony of four police officers and an unknown number of Tops employees.
> Because of the importance of the tape, I made a concerted effort to put defendant Tops on notice by serving the Summons with Notice upon an employee at the Tops Market at the East Hill Plaza, in Ithaca, New York.
> When we finally obtain the tape (or learn that it has been altered, destroyed or tampered) I will advise you as to my best thoughts regarding the case. You will then have to make a decision whether you wish to continue with the lawsuit, weighing in the balance the costs and time it will take to litigate the case to a trial, versus the possibility of you actually recovering damages as a result of the acts of the defendants.
> I cannot at this time make that determination because I do not know what the tape shows, or even if it still exists.

6. I very clearly stated to Mr. Yuan that the strength of his case hinged upon the videotape and that once I obtained the videotape I would then be able to make a determination as to the merits and probable success of his claim.

7. Mr. Yuan, in fact, confirms this understanding in his undated letter to this Court filed on March 21, 2011, stating:

> defined myself against accusations made by my own attorney. I strongly believe that Mr. Kopko has been aware from very beginning, in his opinion, that this case has been "unprofitable" (his Rejection Letter on January 24, 2011), unless some dramatic events would show up in the videotape recordings. However, nobody has led Mr. Kopko into believing it; and he, as an

8. Mr. Yuan is correct in his belief that from the very beginning of this case it was my opinion that this case would lack merit, and that the pursuit of the claim would not yield a result in an amount to justify the cost in pursuing it, if the videotape did not show something, as Mr. Yuan puts it, "dramatic."

9. This is precisely what I explained to Mr. Yuan when we met on October 13, 2010, and why I told him it was imperative that an action be commenced instantly so that I could preserve this critical piece of evidence.

10. Of course, when I met with Mr. Yuan I had no way of knowing what the videotape would actually show and could not render an opinion about the merits of the case until I obtained the videotape.

11. In my letter of October 29, 2010, to Mr. Yuan I also stated the following with regard to the $2,500.00 retainer fee:

> You paid to me a $2,500.00 retainer fee. This fee is a one-time payment, and I will not ask you again for a retainer in this case. Any fees I recover will be contingent on me succeeding on the claim I have filed on your behalf, of which I will be paid one-third. But, as has been explained to you, fees are separate and distinct from costs. We will require you to pay costs throughout the course of the case, but we will advise you of the costs and their purpose in advance and you will always have the final say whether you agree to pay those costs. I will advise you as to the purpose of the costs and why they are important to your case and why your case may be compromised if the costs are not paid.

12. This retainer was for the purpose of commencing the action and preserving the videotape evidence, which Mr. Yuan now possesses.

13. Any other fees I would hope to recover would be solely earned on a contingency fee basis.

14. On or about January 4, 2011, I received from Attorney Michael Dixon, the attorney for defendant TOPS Market, LLC, a copy of the surveillance video.

15. I reviewed the videotape and on January 24, 2011, wrote to Mr. Yuan declining to pursue the case because the videotape did not establish a meritorious cause of action for a deprivation of constitutional rights. (A copy of the January 24, 2011, letter to Mr. Yuan is attached as Exhibit Two.)

16. I specifically stated to Mr. Yuan in my letter of January 24, 2011 why I decided the videotape was insufficient to support Mr. Yuan's claim:

> I have reviewed this CD and considered your narrative to determine whether a viable cause of action exists against TOPS and against Cornell University, and I have concluded that based upon the evidence contained in the CD, I would not be able to establish a viable cause of action against either TOPS or Cornell University. For this reason, I will not proceed further with this claim on your behalf. You, of course, may retain other counsel if you believe you continue to have a valid claim after reviewing the CD and considering the points of law that I now explain to you.
> Both New York State law and applicable federal law require proof of damages in order to sustain a cause of action. The CD demonstrates that you were detained by Cornell police for approximately 13 minutes. Such a detention, while obviously aggravating, establishes merely a *de minimis* element of damages, rendering this case unprofitable to pursue and subject to dismissal during a summary proceeding.

17. The videotape itself was of poor quality, the images grainy, there was no sound, and for a significant part of the video Mr. Yuan is barely in the video camera's range.

18. Further, the entire time Mr. Yuan spent speaking to the police was approximately 13 minutes.

19. There was no evidence on the video that showed Mr. Yuan was forcibly detained by the police, an observation that contradicted Mr. Yuan's description of these events during our initial meeting.

20. Since the videotape is of paramount importance to Mr. Yuan's case and since I had determined that it did not contain compelling evidence to show a violation of Mr. Yuan's civil rights, I declined to pursue the case.

21. I advised Mr. Yuan that if he agreed with my conclusions I would take steps to withdraw his claim from the State and Federal courts.

22. I further advised Mr. Yuan that if he did not agree with my conclusions, he should immediately contact other counsel and arrange with them to pursue the claim, as Mr. Yuan now possessed the videotape, the most critical part of his proof, which I had obtained.

> You need to decide how you want to proceed with your claim. If your review of the CD leads you to the same conclusions that I have expressed, and if you believe that you cannot prevail in this claim, please tell me and I will take the necessary legal steps to withdraw your claim both in federal court and in New York state court. If you want to proceed with the claim, please make <u>immediate arrangements</u> to retain other counsel and ask that counsel to notify me. I will tell the court of your decision, and will request additional time for you to file a complaint while you obtain other counsel.

23. Mr. Yuan clearly believes he has a meritorious claim and he is, of course, entitled to that belief.

24. I, however, do not believe the claim will be successful as my personal review of the P&C video of the events described by Yuan establishes to my satisfaction that a viable §1983 action against the defendants does not exist and that to maintain

5

such an action would violate 28 U.S.C. § 1927, relating to frivolous action, and F.R.C.P. 11.

25. I believe in good faith that the Court's review of the P&C video tape (available upon request) will establish that no reasonable basis exists for maintaining a claim against Cornell University or P&C Market based upon the events depicted.

Wherefore, Kopko moves this Court for an Order granting leave to withdraw as counsel.

*/s/ Edward E. Kopko*

Edward E. Kopko, Esq., Bar Roll No. 510874
Edward E. Kopko, Lawyer, P.C.
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850
T: 607.269.1300; F: 607.269.1301
eek@kopkolaw.com
Tuesday, March 22, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court for the Northern District of New York by using the Court's CM/ECF system on, Tuesday, March 22, 2011.

I certify that Nelson Roth, Esq., attorney defendant Cornell University, is a registered CM/ECF user and that service will be accomplished by the Court's CM/ECF system.

*[signature]*

Edward E. Kopko, Esq., Bar Roll No. 510874
Edward E. Kopko, Lawyer, P.C.
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850
T: 607.269.1300; F: 607.269.1301
eek@kopkolaw.com
Tuesday, March 22, 2011

## AFFIRMATION OF SERVICE BY MAIL

I, Edward E. Kopko, an attorney admitted to practice before the courts of the United District Court for the Northern District of New York, affirm under penalty of perjury that service of this legal paper was made on Tuesday, March 22, 2011 by mailing a true and complete copy of said legal paper to the address of the plaintiff in this action, Keyue Yuan, and Attorney for defendant Tops Market, LLC, as stated below:

| | |
|---|---|
| Keyue Yuan | Michael B. Dixon, Esq. |
| Plaintiff | Dixon & Hamilton, LLP |
| 940 East State Street | Attorneys for Defendant Tops Market, LLC |
| Ithaca, New York 14850 | 2350 North Forest Road |
| | Suite 18A |
| | Getzville, NY 14068-1296 |

*[signature]*

Edward E. Kopko, Esq.
Edward E. Kopko, Lawyer, P.C.
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850
T: 607.269.1300; F: 607.269.1301
eek@kopkolaw.com
Tuesday, March 22, 2011