**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEYUE YUAN,**

                       **Plaintiff *Pro Se*,**

    **vs.**                                                   **5:10-CV-1251**
                                                                **(NAM/ATB)**

**U.S. HOLDINGS, LLP; TOPS MAEKET [sic], LLC;**
**THE PENN TRAFFIC COMPANY; CORNELL**
**UNIVERSITY,**

                        **Defendant(s).**
_____

**APPEARANCES:**                              **OF COUNSEL:**

Kenyue Yuan, *Pro Se*
Ithaca, New York

Cornell University
Office of University Counsel and
Secretary of the Corporation              Nelson E. Roth, Esq.
300 CCC Building
Garden Avenue
Ithaca, New York 14853
*Attorneys for Defendant*
*Cornell University*

Dixon & Hamilton, LLP                       Michael B. Dixon, Esq.
2350 North Forest Road
Suite 18A
Getzville, New York 14068-1296
*Attorneys for Defendant*
*Tops Market, LLC*

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    BACKGROUND**

      On October 20, 2010, defendant Cornell University removed this action from New York

State Supreme Court, County of Tompkins to this Court on the basis that the summons with

notice alleged a deprivation of civil rights in violation of "federal statutes". Dkt. No. 1. On October 26, 2010, plaintiff, by his attorney, filed a motion to remand this action back to state court. Dkt. No. 4. Following a series of letter motions concerning the a complaint, which had not been filed or served in this matter, plaintiff's attorney Edward Kopko, Esq., filed a letter requesting an extension of time to file a complaint because he wished to file a motion to withdraw as counsel. Dkt. No. 9. On February 11, 2011, Attorney Kopko filed a motion to withdraw as counsel, Dkt. No. 12, to which plaintiff responded. Dkt. Nos. 16, 19. In a Memorandum-Decision and Order entered on April 22, 2011, the Court granted Attorney Kopko's motion to withdraw as counsel and stayed the action for thirty days so plaintiff could attempt to retain new counsel. Dkt. No. 21. On May 19, 2011, plaintiff filed a letter informing the Court that he had decided to proceed *pro se*. Dkt. No. 23. On May 26, 2011, the Court entered an Order directing plaintiff to file a complaint and to inform the Court whether he intended to proceed with the motion to remand filed by his former attorney. Dkt. No. 24. In a letter filed June 20, 2011, plaintiff requested an extension to file a complaint and stated "[o]nce the extension is granted, I will withdraw the motion to remand filed by Mr. Kopko, my former attorney, and keep the case in federal courts." Dkt. No. 25. On July 20, 2011, plaintiff filed a complaint seeking "relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States" as a result of, *inter alia*, an allegedly illegal detention by "three campus police officers of defendant Cornell University without a proper cause" and discrimination by "the two managers of defendant Tops Market, LLP, based on my national origin." Compl. 5-6. Plaintiff has not, to date, withdrawn his motion to remand, the Court must therefore address it before this action can proceed.

**II.     MOTION TO REMAND**

The only ground for remand identified in the motion papers prepared by plaintiff's former attorney is that "Federal jurisdiction was extinguished by the filing of the Amended Summons with Notice" which eliminated the reference to "federal statutes".  The amended summons with notice was filed in state court on October 22, 2010, two days after defendant Cornell removed the action to federal court, and one day after Cornell filed a copy of the notice of removal in the state court.  Pursuant to 28 U.S.C. § 1446(d), upon filing "a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  Cornell's filing of a copy of the notice of removal in the state court on October 21, 2010 effected the removal and prohibited the state court from proceeding any further.  28 U.S.C. § 1446(d).  Thus, plaintiff's filing of an amended summons with notice in the state court on October 22, 2010, was a nullity.  *See Tarbell v. Jacobs*, 856 F.Supp. 101, 104 (N.D.N.Y. 1994) ("[O]nce the removal procedures are completed by the filing of the Notice of Removal in the state court, 'state jurisdiction ends and any further action in the state court is void.' ") (quoting *Barrett v. Southern Ry.*, 68 F.R.D. 413, 419 (D.S.C. 1975)).  Accordingly, the motion to remand this action to state court on the basis of the amended summons with notice is denied.  The parties are advised, however, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

**III.    COMPLAINT**

Having reviewed the complaint, the Court notes that National Registered Agents, Inc., is listed as a defendant in the body of the complaint but is not named in the caption.  Plaintiff is advised that if he intends National Registered Agents, Inc., to be a defendant in this action he

3

must file an amended complaint including National Registered Agents, Inc., in the caption. Further, the docket indicates that plaintiff has served the complaint on Tops Market and Cornell, but not defendants Penn Traffic Company or National Registered Agents, Inc.  The Clerk is directed to issue summons which plaintiff may use to effect service on those defendants who have not yet been served.

### IV.     CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Remand (Dkt. No. 4) is **DENIED**.

**IT IS SO ORDERED.**

Date:    August 18, 2011

_____
Norman A. Mordue
Chief United States District Court Judge