**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEYUE YUAN,**

        **Plaintiff pro se,**

**v.**                                         **5:10-CV-1251**
                                              **(NAM/ATB)**

**TOPS MARKET, LLC;**
**THE PENN TRAFFIC COMPANY;**
**CORNELL UNIVERSITY,**

        **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

Keyue Yuan, Pro se
Ithaca, New York

Cornell University                             Nelson E. Roth, Esq.
300 CCC Building                             Valerie L. Dorn, Esq.
Garden Avenue                                Wendy E. Tarlow, Esq.
Ithaca, New York 14853
Attorneys for Defendant
Cornell University

Dixon & Hamilton, LLP                   Michael B. Dixon, Esq.
2350 North Forest Road
Suite 18A
Getzville, New York 14068-1296
Attorneys for Defendant Tops Market, LLC

Norman A. Mordue, U.S. District Judge

## MEMORANDUM DECISION AND ORDER

## I.     INTRODUCTION

       This action stems from an incident between plaintiff pro se Keyue Yuan and employees at

a Tops grocery store in Ithaca, New York on October 10, 2010, during which Cornell University

campus police officers, who were called by store employees, escorted plaintiff from the store. Plaintiff filed a summons with notice in New York State Supreme Court, County of Tompkins against defendants. On October 20, 2010, defendant Cornell University removed this action from state court on the basis that the summons with notice alleged a deprivation of civil rights in violation of "federal statutes". Dkt. No. 1. On July 20, 2011, plaintiff pro se Keyue Yuan filed a complaint. Dkt. No. 26. On August 5, 2011, Cornell University filed an answer with a number of exhibits, including two video recordings which allegedly depict the incident and an audio recording of the call by store employees to Cornell police. Dkt. Nos. 28, 29. On September 7, 2011, defendant Tops Markets, LLC, filed an answer. Dkt. No. 37. Presently before the Court are motions by defendants Cornell University, Tops Markets, and The Penn Traffic Company ("Penn Traffic") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. Dkt. Nos. 45, 50. Plaintiff opposes dismissal of this action. Dkt. No. 49.

## II. THE PLEADINGS

### A. The Complaint

In the complaint, plaintiff states:

4.a. In the evening of Oct. 10, 2010, my wife, my daughter, and I went to the P&C[1] food store on the East Hill Plaza in Ithaca, New York for grocery shopping. The store overcharged me . . . for a jar of pine nuts. When I requested a refund from a male manager, he insisted that I had to show the shelf price to a young male employee. It took the male manager almost 10 minutes to eventually refund my overpayment. Afterwards, a female manager requested me to sign more paper works, and I refused.

b. A few minutes later, I returned to the store to retrieve the bag of grocery [sic] bought earlier and left in the store by my daughter. When I was not able to find the bag, I asked the female manager about it. She told me "NO! I could not deal with you!"

---

[1]The grocery store is named Tops.

2

c. The store does have a policy of either refund or re-bag the groceries that customers left or lost in the store.

d. When I explanted [sic] the situation again to the male manager, he also replied that he did not see the bag and there was nothing he was able to do to help me. I reasoned with them that if somebody took the bag, they should review the recordings of the security cameras.

e. A Cornell campus police officer came to the scene (Since I have not learnt his and the other officer's names yet, I will label him as officer A) and asked for my photo ID. As I was telling officer A about what happened, officer B come with another officer. He interrupted me, stepped ver close and threatened me: "I will arrest you if you raise your voice". I was surrounded and cornered by the three officers.

f. A female cashier, who checked out my purchase earlier, spoke out in a loud voice that she had put the bag away to keep two cartons of ice cream inside the bag from melting. She chose the moment to speak out probably because she was shocked by the show of force by the Cornell campus police officers.

g. The male manager accused me of threatening the female manager and later he joined the three officers confined me in the semicircle that forced me back on to a wall.

h. Officer B kept on interrogating me why I threatened the female manager, and repeatedly demanded that I give him the EXACT numbers that, over the many years I stayed in Ithaca, how many times I shopped at Tops stores, and how many times I have been overcharged, even after that he heard the statement of the female cashier and what I told him repeatedly that I did nothing to threaten the female manager and I had no control over when and under what circumstances for her to call the police, and that I simply return to the store to retrieve my paid grocery.

i. Officer B even taunted me why mt voice was shaking, The interrogating and detainment went on for an extended period of time.

j. The male manager told me that he would ban me from shopping in Tops stores in the future.

k. Finally, officer A handed me back the paid grocery. I was told to leave the store that moment. On the way to the front door of the store, I was still surrounded by the Cornell campus police officers. One of them told me that I had to shop in Wegmans stores from now on. At the front door, I asked the officers for permission to go to my car, while the officers stood guarding the door until I drove home.

l. Officer B came back to the Customer Service counter with a young female worker

3

and had a good laugh with the female manager, evidently, about my ordeal he forced me went through. Based on the interaction among them, they were family members or close friends.

m. The male manager joined the laughing and talking. Then another young male worker and another female worker came. They all had a good time talking and laughing about what just happened.

Complaint, ¶ 4.

Based on the above facts, the complaint advances four causes of action. First, plaintiff alleges that three Cornell police officers illegally detained him, and that one Cornell police officer "deliberately misused the authority of police for his personal benefit in my detainment."

Second, plaintiff alleges that two Tops managers maliciously defamed him.

Third, plaintiff alleges that two Tops managers intentionally inflicted emotional distress by calling Cornell campus police even though they had no jurisdiction.

Fourth, plaintiff alleges that two Tops managers discriminated against him based on his national origin by treating him differently than white customers. Plaintiff seeks compensatory damages.

### B. The Answers

#### 1. Cornell University

Defendant Cornell University filed an answer to the complaint and attached five exhibits to the answer. These exhibits are: an audio recording of the telephone call from Tops to Cornell Police; a Cornell "Call Detail Report"; a New York State Incident Report; video surveillance (no audio) of the alleged incident from the Tops service desk; and video surveillance (no audio) of the Tops parking lot. Dkt. Nos. 28, 29.

#### 2. Tops Markets and Penn Traffic

4

Defendant Tops Markets and Penn Traffic filed an answer to the complaint denying all allegations. Dkt. No. 37.

### III. DISCUSSION

#### A. 42 U.S.C. § 1983

Section 1983 allows an action at law against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

As an initial matter, Cornell states in its answer that "East Hill Plaza, including the grocery store in which Plaintiff alleges this incident to place [sic], is property owned by Cornell University and therefore within the jurisdiction of the Cornell University Police pursuant to New York Education Law § 5709." Cornell's police officers, are "special deputy sheriffs" under section 5709(1) of the New York Education Law; and as such, within university premises have the powers of a peace officer as set forth in section 2.20 of the New York Criminal Procedure Law. This is sufficient to show Cornell was acting under state law.

#### B. Standard - Fed. R. Civ. P. 12(c)

On this Rule 12(c) motion to dismiss on the pleadings, the Court applies the standard applicable to a Rule 12(b)(6) motion for failure to state a claim. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). It is well established that "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does

5

not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). On a motion to dismiss under Rule 12(b)(6), the Court reviews the complaint to determine whether it has "facial plausibility" and pleads enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

When the plaintiff in a civil rights action proceeds pro se, a court must construe the complaint "especially liberally", *see Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)), and interpret the submissions to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). A court should not dismiss without granting leave to amend when a liberal reading of a pro se complaint gives any indication that a valid claim might be stated. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

### C.    **Unlawful Seizure**

In order to prevail on a § 1983 claim under the Fourth Amendment based on an allegedly unlawful *Terry* stop, a plaintiff first must prove that he was seized. *Brown v. City of Oneonta*, 221 F.3d 329, 340 (2d Cir. 2000). A police officer may approach an individual and ask an individual questions without intruding on Fourth Amendment rights. *United States v. Lee*, 916 F.2d 814, 819 (2d Cir. 1990). To determine whether a police encounter constitutes a seizure, a court must consider whether a reasonable person would feel "free to decline the officers' requests

6

or otherwise terminate the encounter." *Florida v. Bostick*, 501 U.S. 429, 439 (2002). Factors that "strongly suggest" that a police encounter has become a seizure include:

> the threatening presence of several officers; the display of a weapon; physical touching of the person by the officer; language or tone indicating that compliance with the officer was compulsory; prolonged retention of a person's personal effects ... and a request by the officer to accompany him to the police station or a police room.

*Brown v. City of Oneonta*, 221 F.3d at 340 (citations omitted).

In this case, plaintiff alleges that he did not threaten any store employee and that he was trying to get his money back because he had been overcharged. Plaintiff therefore asserts that the Cornell police officers' extended detention and interrogation of him was unreasonable. Relying on the audio and video recordings attached to its answer, Cornell asserts that the "facts establish that plaintiff's encounter with police cannot by any stretch of the imagination be described as a constitutional violation." The video recording that allegedly shows the incident at the service desk is grainy, contains no audio, and is subject to interpretation. The video recording of the parking lot shows officers standing outside the store and people entering and leaving the store. Any attempt by the Court to interpret these videos or identify the individuals in them would be inappropriate. Moreover, even considering these exhibits, the Court cannot say plaintiff has failed to state a plausible claim that he was detained and interrogated in a manner that violated the Fourth Amendment.

Although the complaint sufficiently states an unlawful seizure claim, it does not allege that Cornell University had an official policy or custom that led to the violation of plaintiff's constitutional rights. Although Cornell University is a private entity, it is authorized, as it concedes, under state law to appoint special deputy sheriffs vested with the powers of peace

7

officer. Thus, assuming that Cornell was acting under state law, to be liable under § 1983 for the constitutional violations of its employees, the complaint must allege that an action pursuant to some official policy or custom caused the constitutional violation. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (To hold a municipality liable for the unconstitutional actions of its employees, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.") (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978)); *accord Harper v. City of N.Y.*, 424 Fed.Appx. 36, 38 (2d Cir. 2011); *see also Bektic-Marrero v. Goldberg*, 850 F.Supp.2d 418, 433 (S.D.N.Y. 2012) (accepting the plaintiff's allegation that New York Medical College, a private entity, was acting under color of state law, to state a claim against it, the plaintiff must allege "that an action pursuant to some official policy caused the constitutional deprivation."); *see also Dilworth v. Goldberg*, 2011 WL 3501869, at *24 (S.D.N.Y. July 28, 2011) (Report and Recommendation) (citing *Rojas v. Alexander's Dep't Store*, 924 F.2d 406, 408–09 (2d Cir. 1990)). Since the complaint fails to allege that the three Cornell police officers were acting pursuant to an official policy or custom attributable to Cornell that led to a violation of plaintiff's constitutional rights, it fails to state a plausible claim for relief against Cornell. Accordingly, Cornell's motion to dismiss is granted.

### D. Tops Markets and Penn Traffic

In its motion papers, Tops Markets and Penn Traffic "incorporate and adopt Cornell's facts and arguments with regard to the plaintiffs [sic] causes of action against Tops Markets, LLC and The Penn Traffic Company." The complaint alleges that Cornell violated plaintiff's Fourth Amendment rights. It makes no such allegation against Tops and Penn Traffic. The causes of

8

action against Tops and Penn Traffic are for defamation, intentional infliction of emotional distress, and discrimination based on national origin. Thus, Cornell's arguments regarding the plausibility of plaintiff's Fourth Amendment claim have no bearing on whether the complaint states plausible claims of defamation, intentional infliction of emotional distress, and discrimination based on national origin. Accordingly, the motion for judgment on the pleadings by Tops and Penn Traffic is denied.

### D. Opportunity to File an Amended Complaint

Based on the foregoing, plaintiff's claim that Cornell unlawfully seized him, in violation of the Fourth Amendment is subject to dismissal. Nevertheless, in light of plaintiff's pro se status, and because some of the above identified defects could be cured with better pleading, plaintiff will be afforded an opportunity to submit an amended complaint. Therefore, should plaintiff wish to pursue his claim against Cornell, which is subject to dismissal without prejudice, he must submit an amended complaint within thirty (30) days of the filing date of this Decision and Order that cures the pleading defects identified above.

As a further matter, in his response to Cornell's motion, he identifies three police officers allegedly involved in the incident at issue: Officers Hollenbeck, Haines, and Withrow. Plaintiff is advised that if he elects to name the individual police officers as defendants, he shall identify them in the caption of the amended complaint and state in the body of the complaint how each officer was personally involved in the alleged deprivation of his constitutional rights. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation and internal quotation marks omitted).

9

If plaintiff submits an amended complaint, he is strongly encouraged (but not required) to the greatest extent possible to include in his amended complaint the alleged acts of misconduct and the name of each individual who participated in the misconduct as well as facts which would establish how each of the named defendants were personally involved in the alleged constitutional or statutory violations. Plaintiff is advised that the amended complaint will completely replace the prior complaint in the action. Therefore, he should set forth all of his claims against each of his defendants in a manner that complies with the requirements of this Decision and Order and Federal Rules of Civil Procedure 8 and 10. No portion of any prior complaint shall be incorporated into his amended complaint by reference.

If, after a period of thirty (30) days, plaintiff has not submitted an amended complaint, the Court will dismiss Cornell as a defendant in this case. The Court takes no position on the merits of plaintiff's remaining claims at this time. To assist plaintiff in filing an amended complaint, the Clerk of the Court shall send plaintiff a copy of his complaint, and a form complaint available for Section 1983 actions.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Cornell's motion for judgment on the pleadings (Dkt. No. 45) is **GRANTED**; and it is further

**ORDERED** that the motion for judgment on the pleadings by Tops Markets and Penn Traffic (Dkt. No. 50) is **DENIED**; and it is further

**ORDERED** that if plaintiff wishes to avoid dismissal of Cornell as a defendant from this action he must submit an amended complaint within thirty (30) days of the filing date of this

Decision and Order that cures the pleading defects identified above; and it is further

**ORDERED** that the Clerk of the Court shall send plaintiff a copy of his complaint and a form complaint available for § 1983 claims.

**IT IS SO ORDERED**.

Date:  September 28, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge