**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEYUE YUAN,**

        **Plaintiff pro se,**

**v.**                                                   5:10-CV-1251
                                                               (NAM/ATB)

**TOPS MARKET, LLC;**
**THE PENN TRAFFIC COMPANY;**
**CORNELL UNIVERSITY,**

        **Defendants.**
_____

**APPEARANCES:**                                             **OF COUNSEL:**

Keyue Yuan, Pro se
Ithaca, New York

Cornell University                                        Nelson E. Roth, Esq.
300 CCC Building                                        Valerie L. Dorn, Esq.
Garden Avenue                                            Wendy E. Tarlow, Esq.
Ithaca, New York 14853
Attorneys for Defendant
Cornell University

Dixon & Hamilton, LLP                             Michael B. Dixon, Esq.
2350 North Forest Road
Suite 18A
Getzville, New York 14068-1296
Attorneys for Defendant Tops Market, LLC

Norman A. Mordue, Senior U.S. District Judge

## MEMORANDUM DECISION AND ORDER

**I.**     **BACKGROUND**

      This action stems from an incident between plaintiff pro se Keyue Yuan and employees at

a Tops grocery store in Ithaca, New York on October 10, 2010. During the incident, store

employees called Cornell University[1] campus police officers, who escorted plaintiff from the store.

In a prior Memorandum Decision and Order, the Court construed the complaint as advancing a civil rights claim against Cornell pursuant to 42 U.S.C. §1983[2] and as alleging unlawful seizure in violation of the Fourth Amendment. The Court granted Cornell's motion for judgment on the pleadings pursuant to Rule 12(c), finding that the complaint failed to "allege that Cornell University had an official policy or custom that led to the violation of plaintiff's constitutional rights." Dkt. No. 52. The Court gave plaintiff leave to replead, however, finding that the facts in plaintiff's submissions indicated that he might have a claim against the three Cornell officers who were involved in the alleged incident. The Court instructed plaintiff that if he wished to include the officers as defendants, he should "identify them in the caption of the amended complaint and state in the body of the complaint how each officer was personally involved in the alleged deprivation of his constitutional rights".

On October 29, 2012, plaintiff filed an amended complaint. Dkt. No. 53. It directs two causes of action against Cornell. The first cause of action alleges that: "The Police Department of Cornell University illegally detained me and deprived my personal freedom to 'protect' the property of Cornell University" and "conducted illegal surveillance . . . by using the security

---

[1]The grocery store is located on property owned by Cornell University.

[2]Section 1983 allows an action at law against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Although Cornell University is a private entity, it is authorized, as it concedes, under state law to appoint special deputy sheriffs vested with the powers of peace officer. N.Y. EDUC. LAW § 5709; N.Y. CRIM. PROC. LAW § 2.20.

recordings from the store and sending a patrol vehicle to my house". Dkt. No. 53. The second cause of action alleges that: "The Police Department of Cornell University deliberately misrepresented wide range of crucial evidences apparently with means of altering, deleting, or even falsifying police records, police reports, and original video surveillance and audio recordings"; the individual officers falsified the date and time on their reports; and the "Cornell Police Department added [a] large bright display of date and time on to [sic] the original footage recorded 'from a security camera in the parking lot'". Dkt. No. 53. Cornell filed an answer to the amended complaint, Dkt. No. 56, with a number of exhibits, including two video recordings which allegedly depict the incident and an audio recording of the call by store employees to Cornell police. Dkt. Nos. 57, 58, 59. Presently before the Court is Cornell's motion for judgment on the pleadings pursuant to Rule 12(c). Dkt. No. 61.

## II.  DISCUSSION

### A.  Standard - Fed. R. Civ. P. 12(c)

On this Rule 12(c) motion to dismiss on the pleadings, the Court applies the standard applicable to a Rule 12(b)(6) motion for failure to state a claim. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). The Court reviews the complaint to determine whether it has "facial plausibility" and pleads enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

The court does "not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154–55 (2d Cir. 2006). Accordingly, the Court has not considered the video or audio recordings, or any other material outside the amended complaint in deciding the instant motion.

When the plaintiff in a civil rights action proceeds pro se, a court must construe the complaint "especially liberally", *see Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)), and interpret the submissions to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### B.     First Cause of Action - Unlawful Seizure

#### 1.     Individual Defendants

The amended complaint does not name the individual Cornell police officers in the caption as defendants. But unlike the original complaint, the amended complaint identifies Officers Hollenbeck, Haines and Withrow as involved in the incident at issue and directs factual allegations against them. It alleges, for instance, that:

> Officer Haines came first and asked for my photo ID. I repeated to the officer the same statements I had made to the two managers. Soon after, Officer Withrow and Officer Hollenback arrived. Officer Withrow abruptly interrupted the conversation between Officer Haines and me, stepped uncomfortably close towards me and threatened me: "I will arrest you if you raise your voice." I was surrounded and cornered by the three officers.

Am. Compl. ¶ 4.f.

Although plaintiff did not list the officers in the caption of the amended complaint, in view of his pro se status, the Court will construe the amended complaint as advancing claims against them as defendants. *Malatesta v. Credit Lyonnais*, No. 03–CV–3690, 2004 WL 1092148,

4

at *1 n. 1 (S.D.N.Y. May 17, 2004) (where plaintiff had amended her complaint to correctly identify the defendant, but had apparently neglected to amend the case caption, "[t]he caption in this action is deemed amended to reflect that the true defendant is Credit Lyonnais, rather than Credit Lyonnais North America, Inc."); *Stanislas v. Tolson*, No. 00–CV–5419, 2002 WL 718441, at *2 (E.D.N.Y. Mar. 19, 2002) (in a pro se case arising under 42 U.S.C. § 1983, "plaintiff's complaint is deemed amended to include the allegations contained in his May 3, 2001 affidavit; [and] the caption of this case is hereby amended to identify Correction Officer Suber as a named defendant."); *Dale Carnegie & Assocs., Inc., v. King*, 31 F.Supp.2d 359, 366 (S.D.N.Y. 1998) ("[T]he complaint is deemed amended, and the caption amended, to include Dale Carnegie Service Corporation as a plaintiff.").

### 2. Qualified Immunity

Cornell argues that even if the amended complaint states a claim against the individual officers, the claims must be dismissed because the officers are entitled to qualified immunity. "Qualified immunity shields police officers acting in their official capacity from actions for damages under both federal and New York law, unless their actions violate a clearly established right of which an objectively reasonable officer would have known." *Pane v. Gramaglia*, 509 Fed.Appx. 101, 102-103 (2d Cir. 2013) (citing *Holeman v. City of New London*, 425 F.3d 184, 189 (2d Cir. 2005) (discussing immunity in context of federal law); *Jenkins v. City of New York*, 478 F.3d 76, 86, 88 (2d Cir. 2007) (discussing similar immunity standard under New York common law). However, "a defendant asserting a qualified immunity defense on a motion to dismiss 'faces a formidable hurdle ... and is usually not successful.'" *Barnett v. Mount Vernon Police Dep't*, No. 12-1381, 2013 WL 1846317, at *1 (2d Cir. May 3, 2013) (quoting *Field Day,*

5

*LLC v. County of Suffolk*, 463 F.3d 167, 191–92 (2d Cir. 2006)). "The defense will succeed only where entitlement to qualified immunity can be established 'based [solely] on facts appearing on the face of the complaint.'" *Id.* (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)). "For these reasons, a motion to dismiss is a mismatch for immunity and almost always a bad ground of dismissal." *Id.* (quotation marks omitted). Moreover, "[d]efendants moving to dismiss a suit by reason of qualified immunity would in almost all cases be well advised to move for summary judgment, rather than for dismissal under Rule 12(b)(6) or 12(c)." *Id.*

According to the amended complaint, the Cornell officers detained plaintiff in the store and interrogated him after he tried to obtain a refund from store employees, who overcharged him for groceries. If the Cornell officers detained and interrogated plaintiff in the absence of reasonable suspicion of criminal activity, qualified immunity would not protect them. "It is clearly established under both federal and New York law that a person has the right to be free from even brief seizures by the police, falling short of actual arrest, in the absence of at least reasonable suspicion of criminal activity." *Pane*, 509 Fed.Appx. at 103 (citing *Terry v. Ohio*, 392 U.S. 1 (1968); *People v. May*, 81 N.Y.2d 725, 727 (1992)). Accordingly, defendant's motion to dismiss on qualified immunity grounds is denied.

### 3. Municipal Liability

Despite the Court's provision of instructions regarding the pleading requirements for a municipal liability claim, the amended complaint does not plead facts from which the Court can infer a plausible claim that the officers were acting pursuant to a policy or custom when they allegedly violated plaintiff's civil rights. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (To hold a municipality liable for the unconstitutional actions of its employees, "a plaintiff

is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.") (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978)).  Cornell is therefore dismissed as a defendant in this action.

### C. Fraudulent Police Reports and Falsified Evidence

According to the amended complaint, the Cornell officers falsified police reports and altered the surveillance video.  Even construing these allegations liberally, the amended complaint fails to plead enough facts to state a plausible false arrest or malicious prosecution claim because there is no indication that plaintiff was either arrested or prosecuted in connection with the alleged incident at the store.  *See Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (the elements of false arrest require the plaintiff to establish that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." (alteration in original) (internal quotation marks and citation omitted)); *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (the elements of a § 1983 malicious prosecution claim require that the plaintiff prove that (1) the defendant initiated a prosecution against the plaintiff, (2) the defendant lacked probable cause to believe the proceeding could succeed, (3) the defendant acted with malice, (4) the prosecution was terminated in the plaintiff's favor, and (5) there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights).

The amended complaint does not plead a plausible claim of fraud under state law, either. To state a fraud claim, the complaint must allege: "(1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation

or material omission, and (4) injury." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (per curiam) (citation omitted). Plaintiff broadly asserts that the officers falsified police reports and surveillance video regarding the events at the store, that the dates on the police reports are incorrect and that a date and time stamp was added to the surveillance video.

Whether or not the dates on the police reports or the date and time stamp on the surveillance video are material, there are no allegations that the statements were made to induce reliance, that reliance occurred, or that there was any injury. Therefore, to the extent the amended complaint asserts a fraud claim under state law, it is dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Cornell's motion for judgment on the pleadings (Dkt. No. 61) is **granted** with respect to municipal liability, false arrest, malicious prosecution and fraud; and it is further

**ORDERED** that **Cornell is dismissed as a defendant** from this action; and it is further

**ORDERED** that the **false arrest, malicious prosecution and fraud claims are dismissed**; and it is further

**ORDERED** that Cornell's motion for judgment on the pleadings (Dkt. No. 61) is **otherwise DENIED in its entirety**; and it is further

**ORDERED** that the Clerk of the Court amend the caption of this case to include Officers Hollenbeck, Haines and Withrow as defendants and issue the appropriate summons.

**IT IS SO ORDERED**.

Date: September 30, 2013

Norman A. Mordue
Senior U.S. District Judge