UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**KEYUE YUAN,**

                          **Plaintiff,**

                          -v-                              **5:10-CV-1251 (NAM/ATB)**

**TOPS MARKET, LLC; THE PENN TRAFFIC
COMPANY; OFFICER HOLLENBECK; AND
OFFICER HAINES,**

                          **Defendants.**

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:

Keyue Yuan
940 E. State Street
Ithaca, New York 14850
Plaintiff, *pro se*

Dixon & Hamilton LLP
Michael B. Dixon, Esq., of counsel
2350 North Forest Road, Suite 18A
Getzville, New York 14068-1296
Attorney for defendants Tops Market, LLC and
The Penn Traffic Company

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

On October 6, 2015, upon dismissing all claims against Officers Hollenbeck and Haines, the Court directed the parties to brief the question of whether plaintiff has a cause of action against the remaining defendants under 42 U.S.C. § 2000a or any other federal statutory or constitutional provision (Dkt. No. 102). In the same Order, the Court directed the remaining defendants, Tops Market, LLC ("Tops") and The Penn Traffic Company ("Penn Traffic"), to submit papers addressing whether they are citizens of New York State for purposes of diversity

jurisdiction (Dkt. No. 102). Tops and Penn Traffic submitted a Memorandum (Dkt. No. 105). On December 1, 2015, having received no submission from the *pro se* plaintiff, the Court issued an Order (Dkt. No. 106) directing defendants to file proof of service on plaintiff of their Memorandum and advising plaintiff that, if he wishes to submit any response to the Memorandum (Dkt. No. 105) filed by Tops and Penn Traffic, he must do so on or before December 28, 2015. The Court has received a signed certified mail receipt showing that plaintiff received the Court's December 1, 2015 Order on December 15, 2015. Plaintiff has submitted no response.

Defendants' unrefuted submissions establish that this Court lacks subject-matter jurisdiction. The Court takes judicial notice of public filings in the Chapter 11 case *In re The Penn Traffic Company*, 09-14078, in the United States Bankruptcy Court for the District of Delaware, pursuant to which all holdings of Penn Traffic were liquidated and distributed to creditors. The bankruptcy case, commenced on November 18, 2009, was closed on November 4, 2015. Penn Traffic is no longer a proper defendant and all claims against it are dismissed.

The submissions by Tops, including its Articles of Organization dated September 15, 2000, demonstrate that it is a limited liability company located in Williamsville, Erie County, State of New York. For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business; thus, Tops is a citizen of New York State. *See* 28 U.S.C. § 1332(c)(1). According to the record, plaintiff has been domiciled in New York State throughout this action and thus is a citizen thereof. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010). Because both plaintiff and Tops (now the sole remaining defendant) are citizens of New York State, diversity jurisdiction is lacking.

There is no other basis for this Court to exercise federal subject-matter jurisdiction over the case. Upon review of the entire record, in particular the deposition testimony of plaintiff and the videos of the incident in issue, and construing plaintiff's papers liberally and interpreting them "to raise the strongest arguments that they suggest," *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), the Court concludes that plaintiff has no remaining claim under federal law. There can be no claim against Tops under 42 U.S.C. § 1983, because there is no showing that the conduct alleged against Tops was committed by a person acting under color of state law or that such conduct may be attributed to the state. *See Sybalski v. Independent Grp. Home Living Program, Inc*., 546 F.3d 255, 257 (2d Cir. 2008). In addition, plaintiff has no viable claim under Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a, *et seq*., which prohibits discrimination in places of public accommodation. Leaving aside the questions of whether Tops is a place of public accommodation, *see* 42 U.S.C. § 2000a(b), and whether plaintiff has complied with any applicable New York State notice provision, *see* 42 U.S.C. § 2000a-3(c), the Court finds that plaintiff cannot pursue a Title II claim because he seeks only monetary damages, which are not available under that title. *See* 42 U.S.C. § 2000a-3 ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction ... may be instituted by the person aggrieved[.]"); *Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages. If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority."); *Macer v. Bertucci's Corp*., 2013 WL 6235607, at

*7 (E.D.N.Y. Dec.3, 2013) (dismissing Title II complaint where plaintiff sought only damages; noting that plaintiff lacked standing to seek injunction, because plaintiff failed to show "real and immediate threat of repeated injury"). There is no ground for federal-question jurisdiction under 28 U.S.C. § 1331.

Having found that it lacks subject-matter jurisdiction over plaintiff's federal claims, the Court in its discretion declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction[.]"). In view of the nature of the case and its procedural posture, the Court finds that judicial economy, convenience, and comity militate against exercising jurisdiction over the remaining state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006). Because this case was commenced in state court, the Court remands the state law claims against Tops to the New York State Supreme Court, Tompkins County, where the case was originally filed. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed.").

It is therefore

ORDERED that the claims against The Penn Traffic Company case are dismissed with prejudice; and it is further

ORDERED that the Court lacks subject-matter jurisdiction over the remaining claims against Tops Market, LLC; and it is further

ORDERED that the state law claims against Tops Market, LLC are remanded to New

York State Supreme Court, Tompkins County, for further proceedings; and it is further

ORDERED that the case in this Court is closed; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order on plaintiff by certified mail, return receipt requested.

IT IS SO ORDERED.

Date: January 12, 2016
      Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge